NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL ANTHONY TORRES, AKA Mikey, <br><br> Applicant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | No.   20-71724 <br><br> MEMORANDUM[*] |

Application to File Second or Successive Petition
Under 28 U.S.C. § 2255

Argued and Submitted June 11, 2021
Pasadena, California

Before:  CALLAHAN and FORREST, Circuit Judges, and SEEBORG,[**] District Judge.

Applicant Michael Anthony Torres seeks leave to file a second or successive motion for habeas relief under 28 U.S.C. § 2255. He argues that his conviction for possession of a firearm in furtherance of a crime of violence or drug trafficking

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Richard Seeborg, Chief United States District Judge for the Northern District of California, sitting by designation.

offense under 18 U.S.C. § 924(c) is invalid because his predicate crime—racketeering—is no longer a categorical "crime of violence" under a new rule of constitutional law announced in *United States v. Davis*, 139 S. Ct. 2319 (2019).[1] We have jurisdiction under 28 U.S.C. § 2255, and we grant Torres's request for leave to file a second or successive § 2255 habeas motion.

In our concurrently filed opinion, *Muñoz Gonzalez v. United States*, __F.4th__ (9th Cir. 2022), we adopted a pragmatic approach for determining whether a new rule of constitutional law was "previously unavailable" within the meaning of § 2255(h)(2) that focuses on systemic barriers, including timing and accessible procedural means for presenting a claim. Applying this approach here, we conclude that an argument based on the new rule announced in *Davis* was not available to Torres while his first habeas motion was still pending. The district court rejected Torres's initial habeas motion less than two months after the Supreme Court issued *Davis*. Torres faced multiple institutional hurdles in accessing legal resources and preparing and filing legal documents and, unlike in *Muñoz Gonzalez*, there is no

---

[1]The verdict form did not require the jury to specify which conviction—racketeering or Torres's two drug offenses—served as the predicate offense for his § 924(c) conviction. The government concedes that, despite the uncertainty about which offense was the predicate for his § 924(c) conviction, Torres can establish that *Davis* at least advances his claim. *See Henry v. Spearman*, 899 F.3d 703, 706 (9th Cir. 2018) (petitioner need only show "*possible* merit to warrant a fuller exploration by the district court") (citation omitted).

indication that Torres knew about *Davis* during the very short window of time before his initial habeas motion was denied. Given these restraints, we find that the real-world circumstances that Torres faced rendered his *Davis* claim previously unavailable to him.

The request for leave to file a second or successive habeas motion is **GRANTED.**